IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE: : CHAPTER SEVEN
:
:
NO. 1 CONTRACTING CORPORATION, : BANKRUPTCY NO.: 5-10-bk-01755-JJT
: {**Nature of Proceeding**: Trustee's Motion for
: Enlargement of Time in Which to Commence
: Avoidance Proceedings and Other Actions
DEBTOR : (Doc. #160)}

# **OPINION**[1]

Michael G. Oleyar, Esquire, the Chapter 7 Panel Trustee appointed in the above-captioned Chapter 7 case has filed a Motion for Enlargement of Time in Which to Commence Avoidance Proceedings and Other Actions (Doc. #160). Several creditors to the above estate filed an Objection to this Motion (Doc. #164). The Motion alleges that the Debtor's principal has failed to cooperate with the Trustee by not providing information and documentation requested by the Trustee through his repeated demands. Trustee further alleges Debtor's principal has failed to respond to questions at "numerous continued creditor meetings held under Section 341" and has invoked his right not to respond to the Trustee's questions by asserting protection under the 5th and 14th Amendments of the United States Constitution. As a result of this alleged failure to cooperate with the Trustee, the Trustee asserts that he cannot determine whether there are avoidance and/or other related actions including preferential and fraudulent transfer actions that can be asserted on behalf of the Debtor's estate. The Trustee cites Rule 9006(b) of the Federal Rules of Bankruptcy Procedure and the case of *In re International Administrative Services, Inc.,* 408 F.3d 689 (11th Cir. 2005) as support for this Court's

---

[1] Drafted with the assistance of Richard P. Rogers, Law Clerk.

authorization to enlarge the time in which to file avoidance actions and extend the statute of limitations as provided by 11 U.S.C. § 546.

At the time of the hearing on the underlying Motion, the Court expressed concern several times that, while a trial court could rule that a statute was tolled over a period of time in regard to a particular defendant, could it extend the statute with regard to unnamed and unidentified defendants when there was no case or controversy before the Court?

The Doctrine of Equitable Tolling applies to every federal statute of limitations. *Holmberg v. Armbrecht*, 327 U.S. 392, 66 S.Ct. 582, 90 L.Ed. 743 (1946). Unquestionably, I have authority to equitably toll the statute of limitations as provided under 11 U.S.C. § 546(a). *Pugh v. Brook (In re Pugh)*, 158 F.3d 530 (11th Cir. 1998); *In re M & L Business Mach. Co, Inc.*, 75 F.3d 586 (10th Cir. 1996); *In re United Ins. Management. Inc.*, 14 F.3d 1380 (9th Cir. 1994); *In re International Administrative Services, Inc.,* 408 F.3d 689 (11th Cir. 2005). The only support cited by the Trustee as to whether I can equitably toll a statute when there is no case or controversy pending was the *In re International Administrative Services, Inc.* case. *Id.* That case is distinguishable, however, from the facts presented by the instant Motion in that there was a pending action before the Bankruptcy Court at the time the Trustee filed his request to extend the time within which to file claims against potential future defendants. Though the Trustee filed adversary complaints against several defendants in the *In re International Administrative Services, Inc.* case *after* the Bankruptcy Court extended the time in which to file those complaints, the appeals court writes that the Trustee's ability to investigate transfers were hampered by delayed document production and withheld discovery responses. Unlike that case, there is no action in any form pending before this Court. It is unknown whether future

defendants will even assert the statute of limitations defense. It is for this reason that the Court will deny the Trustee's request to extend the time in which to file complaints and equitably toll the statute of limitations in 11 U.S.C. § 546(a), without prejudice to raise equitable tolling should the Trustee file adversary complaints.

An Order will follow.

By the Court,

Date: September 19, 2012

John J. Thomas, Bankruptcy Judge

(CMS)